**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUSSELL MARSHALL BOLES,

Petitioner - Appellant,

v.

GARY D. NEET, Warden;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondent - Appellee.

No. 02-1251
D.C. No. 99-B-534 (OES)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Russell Marshall Boles seeks a certificate of appealability (COA) in order

to appeal the district court's dismissal of his habeas petition filed pursuant to 28

U.S.C. § 2254. For the reasons set out below, we deny his request for a COA and

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

dismiss the appeal.

Mr. Boles was charged with three counts of felony menacing in violation of Colorado law. He proceeded pro se, was convicted by a jury, and was given three consecutive six-year sentences. After pursuing a direct appeal and post-conviction proceedings, he filed this petition for habeas corpus relief, alleging numerous errors in the course of his state criminal proceedings. The matter was referred to a magistrate judge, who made a careful examination of Mr. Boles' claims in light of the record and concluded that many of them had not been exhausted and were now procedurally barred, that his Fourth Amendment claims were barred under *Stone v. Powell*, 428 U.S. 465, 494-95 (1976), because he had been provided a full and fair opportunity to litigate them in state court, and that the remaining claims present only issues of state law not cognizable in a section 2254 proceeding. After Mr. Boles filed lengthy objections to the report and recommendation, the district court conducted a de novo review in light of the file and Mr. Boles' objections and concluded that the magistrate's recommendation was correct. Accordingly, the district court dismissed the petition, and denied Mr. Boles' motions for a certificate of appealability and for leave to proceed in forma pauperis.

In his brief on appeal, Mr. Boles does not address the issue of procedural default other than to state that "procedural default . . . should not even apply to

Constitutional issues presented." Br. of Aplt. at 2. With respect to the only Fourth Amendment claim he appears to pursue on appeal, Mr. Boles asserts that he did not receive a full and fair opportunity to litigate his claim because the prosecutor mischaracterized the evidence and made false accusations. Finally, he continues to argue the merits of his state law claims without acknowledging the lower court's conclusion that such claims may not be brought under section 2254.

We have carefully reviewed the magistrate judge's recommendation with respect to the defaulted claims in light of the record, and we find no ground for reversing the judge's conclusion that these claims are procedurally barred. We likewise agree with the magistrate judge's recommendation that the state law claims are subject to dismissal because they are not cognizable in this proceeding.

Finally, we turn to Mr. Boles' Fourth Amendment claim that he was improperly denied a veracity hearing in his attempt to challenge a search warrant obtained during the criminal episode that led to his convictions. We review de novo the issue of whether a petitioner was given a full and fair opportunity to litigate his Fourth Amendment claim in state court. *See Miranda v. Cooper*, 967 F.2d 392, 401 (10th Cir. 1992). Our review of the record does not reveal any indication that Mr. Boles was not provided this opportunity. He requested a veracity hearing in state court. The trial judge held a hearing on that request and concluded that Mr. Boles had not established a justification for the hearing. On

direct review the court of appeals agreed that Mr. Boles' conclusory assertions were insufficient and that the trial court therefore did not err in denying the request. Although Mr. Boles disagrees with that decision and with the conduct of the prosecutor at the hearing on his request, these objections do not establish that he was denied a full and fair opportunity to present his claim in the state courts. Accordingly, we agree with the district court that his Fourth Amendment claim is barred.

When, as here, a district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claims, a petitioner seeking a certificate of appealability must show both a debatable constitutional claim and a debatable procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000). In light of the above discussion, we conclude that Mr. Boles has failed to show that jurists of reason would find it debatable whether the district court was correct in its procedural rulings. *See id.* Accordingly, we **DENY** Mr. Boles' request for a certificate of appealability and his request for leave to proceed in forma pauperis, and we **DISMISS** his appeal. Mr. Boles is reminded that he shall pay the $105.00 filing fee to the District Court Clerk forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-4-